IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

July 31, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

PIGEON FORGE DRUGS,            )    SEVIER CIRCUIT
                              )    C. A. NO. 03A01-9802-CV-00048
        Plaintiff-Appellee    )
                              )
                              )
vs.                           )    HON. RICHARD R. VANCE
                              )    JUDGE
                              )
                              )
                              )
PAULETTE MAPLES,              )    AFFIRMED AND REMANDED
                              )
        Defendant-Appellant   )



REBECCA C. McCOY, Sevierville, for Appellant.


GARY KIMBLE, Pro Se, Pigeon Forge Drugs.

O P I N I O N

McMurray, J.

This case originated in the Trial Justice Court for Sevier County as a suit on an open account.[1] Judgment was entered in favor of the plaintiff and against the defendant. The defendant appealed to the Circuit Court. After a trial de novo, judgment was again entered in favor of the plaintiff and against the defendant. From this judgment, the defendant appeals. We affirm the judgment of the trial court.

The defendant presents the following issues for our review:

1. Whether the trial court erred in holding the appellant responsible for the debt of another without appellant's written consent, thus violating the statute of frauds.

2. Whether the court erred by failing to give credit for payments which had not been credited to the account.

The defendant maintained an open charge account with the plaintiff for several years. Her children and/or stepchildren, from time to time, charged prescriptions to the defendant's account. The defendant notified the plaintiff not to allow her

_____

[1]For convenience, the parties will be referred to as they appeared below, i.e., plaintiff and defendant.

2

children to make any further charges against her account. Charges were made after the notification. The plaintiff presented testimony wherein it was stated that, after notification, no charges were made to the defendant's account except upon her express authorization, generally obtained by phone. The defendant denies that she authorized all the charges on her account.

We will first look to the issue of the statute of frauds. T.C.A. § 29-2-101(a)(2) provides as follows:

> (a) No action shall be brought:
>
> (2) To charge the defendant upon any special promise to answer for the debt, default, or miscarriage of another person; ... unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person lawfully authorized by such party.

The appellant asserts that a judgment requiring her to pay for charges on her account by persons other than herself, without written authorization, constitutes a violation of the above quoted statute. In support of this proposition, she relies upon Yarbrough v. Viar, 282 S.W.2d 367 (Tenn. App. 1954). In Yarbrough, the defendant Viar went to a business establishment and induced the business to extend credit to Thompson by agreeing to "stand good" for the Thompson account. The agreement was not reduced to writing. Subsequently, the business brought suit against Viar on

3

the agreement to "stand good" for the Thompson account.  The Court

stated:

>It is the opinion of this Court that the Statute of Frauds is applicable in this case and that, whether or not the oral promise by Viar was made as contended for by the plaintiff, Yarbrough, in any event, since same is within the Statute of Frauds, defendant Viar can not be held.

282 S.W.2d 367, 369.

We think, however, that the appellant's reliance upon

Yarbrough is misplaced.  In Yarbrough, the credit was extended to

Thompson.  Viar was a guarantor under an oral agreement.  In this

case, the credit was extended to the defendant not to the children

or stepchildren of the defendant.  In Watson v. Wells, 103 S.W.2d

30 (Tenn. App. 1936), the appellant asserted that the court erred

in refusing to give a special charge to the jury that "[i]n order

to charge one person with the account of another, it must appear in

writing or memoranda signed by the party sought to be charged that

he has agreed to pay same. ... ."  This court held that the trial

judge correctly refused the charge and quoting from Hazen v.

Bearden, 4 Sneed 48 and Johnson v. Lane, 164 Tenn 234, 47 S.W.2d

554, stated:

>... Where goods were delivered to one, but credit was extended to the promisor, it need not be in writing and the promisor is liable.

4

103 S.W.2d 30, 32.

We note that in this case, to reach the merits of the defendants issue, it is necessary to weigh the evidence. The testimony of the plaintiff was that each charge was authorized by the defendant. On the other hand, the defendant denies that such is the case. The trial court obviously accredited the testimony of the plaintiff and found that the preponderance of the evidence favored the plaintiff and that the plaintiff had carried the burden of proof. The trial court's findings come to us with a presumption of correctness unless the evidence preponderates otherwise. "Where the issue for decision depends upon the determination of credibility of witnesses, the trial court is the best judge of credibility, and its findings will be given great weight." Gotwald v. Gotwald, 768 S.W.2d 689,697 (Tenn. App. 1988). "On an issue which hinges on witness credibility, [the trial court] will not be reversed unless, other than the oral testimony of the witnesses, there is found in the record clear, concrete and convincing evidence to the contrary." Tennessee Valley Kaolin v. Perry, 526 S.W.2d 488, 490 (Tenn. App. 1974). We defer to the trial court's determination of credibility and find that the evidence clearly does not preponderate against the trial court's judgment. Thus we find no merit in the defendant's first issue.

5

As to the second issue, the evidence on the question to be decided likewise depends upon the determination of credibility of witnesses.  The evidence does not preponderate against the judgment of the trial court on this issue.

We affirm the judgment of the trial court in all respects. Costs are taxed to the appellant and this case is remanded to the trial court.

_____
Don T. McMurray, Judge

CONCUR:

_____
Houston M. Goddard, Presiding Judge

_____
Charles D. Susano, Jr., Judge

IN THE COURT OF APPEALS
AT KNOXVILLE

| | | |
|---|---|---|
| PIGEON FORGE DRUGS, | ) | SEVIER CIRCUIT |
| | ) | C. A. NO. 03A01-9802-CV-00048 |
| Plaintiff-Appellee | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. RICHARD R. VANCE |
| | ) | JUDGE |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| PAULETTE MAPLES, | ) | AFFIRMED AND REMANDED |
| | ) | |
| Defendant-Appellant | ) | |

**<u>JUDGMENT</u>**

This appeal came on to be heard upon the record from the Circuit Court of Sevier County, briefs and arguments made on behalf of the respective parties. Upon consideration thereof, this Court is of the opinion that there was no reversible error in the trial court.

We affirm the judgment of the trial court in all respects. Costs are taxed to the appellant and this case is remanded to the trial court.

PER CURIAM